**WO** RP

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Michael Smalling, | No. CV-05-2043-PHX-MHM (DKD) |
| Petitioner, | **ORDER** |
| vs. | |
| J. Stearnes, et al., | |
| Respondents. | |

Michael Smalling (Petitioner), presently confined in the Cheyenne Unit of the Arizona State Prison Complex in Yuma, Arizona (ASPC-Yuma), filed with the Clerk of the Court on July 11, 2005 a pro se "Petition For Writ Of Habeas Corpus By A Person In State Custody Pursuant To 28 U.S.C. § 2254 (Non-Death Penalty)" (Document #1) (Petition). The five dollar ($5.00) filing fee has been paid.

**PETITION**

Named as Respondent in the Petition is J. Stearnes, Warden of ASPC-Yuma. (Petition at 1). The Attorney General of the State of Arizona is named as an Additional Respondent. Id.

In his Petition, Petitioner challenges his September 6, 2001 judgment of conviction for Theft of Means of Transportation, Class Two (2) Burglary, and Possession of Drugs

**JDDL**

- 1 -

1 entered in the Maricopa County Superior Court in matters 2000-018399, 2000-018629, and 2000-019175. (Petition at 1).

Under the heading of "Ground," Petitioner appears to present two (2) grounds for habeas corpus relief in which he alleges that his rights were violated:

1. "My right to a competent counsel who can represent me throughout the judicial process," (Petition at 8);

2. "My right to have a jury find aggravating factors in enhancing my sentence," Id.

Petitioner appears to allege that these issues were presented to the Arizona Court of Appeals. (Petition at 2, 8).

Pursuant to 28 U.S.C. § 2254, federal courts "shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court **only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States**." 28 U.S.C. § 2254(a) (emphasis added); see also Engle v. Isaac, 456 U.S. 107, 119 (1982). Federal courts may intervene in the state judicial process only to correct wrongs of a constitutional dimension. Mabry v. Johnson, 467 U.S. 504, 507 (1984); Wainwright v. Goode, 464 U.S. 78, 84 (1983). Habeas corpus relief is not available for errors of state law, procedure or evidentiary rulings. Gutierrez v. Griggs, 695 F.2d 1195, 1197 (9th Cir. 1983); Quiroz v. Wawrzaszek, 749 F.2d 1375, 1377 (9th Cir. 1984), cert. denied, 471 U.S. 1055 (1985).

The Court notes that Petitioner has failed to make any reference to the United States Constitution, or to any laws or treaties of the United States, in his grounds for relief. Accordingly, the Petition will be dismissed without prejudice for failure to allege a violation of the Constitution or laws or treaties of the United States.

However, in the interests of justice, the Court will grant Petitioner leave to file an amended petition, if he so desires, to show how he is being held in custody in violation of the Constitution, laws or treaties of the United States, to specify all the exhausted grounds for relief which are available to him, to set forth in summary form the facts supporting each of

- 2 -

**JDDL**

his grounds, and to provide information as to how he has first exhausted his state court remedies as to each ground on which he requests action by this Court. Accordingly, for each ground Petitioner alleges in an amended petition, he must allege how he is in custody in violation of the Constitution or laws or treaties of the United States, and should also provide information as to how he has first exhausted his administrative remedies as to each and every claim.[1]

Petitioner must limit each ground to the allegation of the violation of a single constitutional right, must describe the right and its source in the United States Constitution, and must clearly state supporting facts showing how that constitutional right was violated. The grounds and facts must be clearly set out as fully as possible on the Court-approved petition form itself. If Petitioner cannot fit all of his supporting facts or arguments in favor of a particular ground on the Court-approved form, then he may continue on an attachment, but each matter on any attachment must be clearly referenced to a particular ground on the Court-approved form.

Petitioner should take notice that by amending his Petition, he will be presumed to have deliberately waived his right to raise any constitutional errors or deprivations other than those set forth in his amended habeas petition, and the Court may dismiss any subsequent petitions. 28 U.S.C. § 2244.[2]

---

[1] A prisoner attacking his or her state conviction must exhaust state remedies before a federal court will entertain a petition for writ of habeas corpus. Rose v. Lundy, 455 U.S. 509 (1982); Szeto v. Rushen, 709 F.2d 1340 (9th Cir. 1983). The federal court will not entertain a petition for writ of habeas corpus unless each and every issue has been exhausted. Rose, 455 U.S. at 521-22. "[E]xcept in habeas petitions in life-sentence or capital cases, claims of Arizona state prisoners are exhausted for purposes of federal habeas once the Arizona Court of Appeals has ruled on them." Swoopes v. Sublett, 196 F.3d 1008, 1010 (9th Cir. 1999). The failure to exhaust subjects the Petitioner to dismissal. Gutierrez v. Griggs, 695 F.2d 1195 (9th Cir. 1983).

[2] Title 28 U.S.C. § 2244(b) (as amended by the Antiterrorism and Effective Death Penalty Act of 1996, Pub.L.No. 104-132, 110 Stat. 1214 (1996)) states that a District Court shall dismiss a claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application, except under certain circumstances. Furthermore, under 28 U.S.C.

1  Petitioner should further take notice that all grounds alleged in his original Petition
2  which are not alleged in any amended petition will be waived. Hal Roach Studios v. Richard
3  Feiner & Co., 896 F.2d 1542, 1546 (9th Cir. 1990) ("an amended pleading supersedes the
4  original"); King v. Atiyeh, 814 F.2d 565 (9th Cir. 1987).

## RULE 41 (b) WARNING

Petitioner is warned that if he fails to timely comply with every provision of this Order, or any order of the Court entered in this matter, the action will be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. See Ferdik v. Bonzelet, 963 F.2d 1258 (9th Cir.) (District Court may dismiss action for failure to comply with any order of the Court), cert. denied, 506 U.S. 915 (1992).

**IT IS THEREFORE ORDERED:**

(1) That the "Petition For Writ Of Habeas Corpus By A Person In State Custody (28 U.S.C. § 2254)" (Document #1) is DISMISSED WITHOUT PREJUDICE, WITH LEAVE TO AMEND. Petitioner shall have thirty (30) days from the filing date of this Order to amend his original Petition to show how he is being held in custody in violation of the Constitution, laws or treaties of the United States, to specify all the exhausted grounds for relief which are available to him, to set forth in summary form the facts supporting each of his grounds, and to provide information as to how he has first exhausted his state court remedies as to each ground on which he requests action by this Court. The amended petition must be retyped or rewritten in its entirety on a Court-approved form and may not incorporate any part of the original Petition, including exhibits, by reference. Any amended petition submitted by Petitioner should be clearly designated as an amended petition on the face of the document. Petitioner should take notice that if he fails to timely file an amended petition, the Clerk of the Court will enter a judgment of dismissal of the action without

---

§ 2244(b)(3)(A)(1996), before a second or successive application is filed in the district court, the applicant shall move in the court of appeals for an order authorizing the district court to consider the application.

**JDDL**   28   - 4 -

1  further notice to Petitioner;

2  (2) That the Clerk of the Court is DIRECTED to enter a judgment of dismissal of this
3  action without prejudice, without further notice to Petitioner, if Petitioner fails to file an
4  amended petition within thirty (30) days from the filing date of this Order;

5  (3) That aside from the two (2) copies of an amended petition that must be submitted
6  pursuant to Rule 3.5(a) of the Local Rules of Civil Procedure (LRCiv), a clear, legible copy
7  of every pleading or other document filed SHALL ACCOMPANY each original pleading
8  or other document filed with the Clerk for use by the District Judge or Magistrate Judge to
9  whom the case is assigned. See LRCiv 5.4. **Failure to submit a copy along with the
10 original pleading or document will result in the pleading or document being stricken
11 without further notice to Petitioner**;

12 (4) That at all times during the pendency of this action, Petitioner SHALL
13 IMMEDIATELY ADVISE the Court of any change of address and its effective date. Such
14 notice shall be captioned "NOTICE OF CHANGE OF ADDRESS." The notice shall contain
15 only information pertaining to the change of address and its effective date, except that if
16 Petitioner has been released from custody, the notice should so indicate. The notice shall not
17 include any motions for any other relief. Failure to file a NOTICE OF CHANGE OF
18 ADDRESS may result in the dismissal of the action for failure to prosecute pursuant to
19 Federal Rule of Civil Procedure 41(b);

20 (5) That the Clerk of the Court is DIRECTED to provide Petitioner with a current
21 Court-approved form for filing a "Petition For Writ Of Habeas Corpus By A Person In State
22 Custody Pursuant To 28 U.S.C. § 2254 (Non-Death Penalty)."

23 DATED this 20th day of October, 2005.

_____
Mary H. Murguia
United States District Judge

**JDDL**

**INFORMATION AND INSTRUCTIONS FOR FILING A PETITION FOR
WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY
PURSUANT TO 28 U.S.C. § 2254 IN THE UNITED STATES
DISTRICT COURT FOR THE DISTRICT OF ARIZONA**

**I. <u>General Information About the Habeas Corpus Form:</u>**

A. <u>The Form</u>. The petition for writ of habeas corpus by a person in state custody form is designed to help prisoners prepare a petition challenging their custody on the grounds that their state conviction or sentence violates the United States Constitution or other federal law. Local Rule of Civil Procedure 3.5(a) requires that habeas corpus petitions be filed on the court-approved form. Your petition must be typewritten or legibly handwritten. All questions must be answered clearly and concisely in the appropriate space on the form. If needed, you may attach additional pages. The form, however, must be completely filled in to the extent applicable. **This form should not be used in death penalty cases.**

B. <u>Your Signature</u>. The petition must be signed by the petitioner under penalty of perjury. Any false statement of a material fact may serve as the basis for prosecution and conviction for perjury. Your signature must be an original signature, not a photocopy.

C. <u>The Filing Fee</u>. Your petition for writ of habeas corpus must be accompanied by the $5.00 filing fee (checks or money orders should be made payable to the Clerk of the Court). If you are unable to pay the filing fee when the petition is filed, you may request permission to proceed *in forma pauperis* by completing and signing the Application to Proceed *In Forma Pauperis* provided with the petition form. You must have an official at the prison or jail complete the certificate at the bottom of the application form. If the amount of money in your prison account exceeds $25.00, you must pay the $5.00 filing fee. See LRCiv 3.5(b).

D. <u>Court Divisions</u>. If you are challenging a state judgment of conviction entered in Maricopa, Pinal, Yuma, La Paz, or Gila county, you should file your petition in the Phoenix Division of the court. If you are challenging a state judgment of conviction entered in Apache, Navajo, Coconino, Mohave, or Yavapai county, you should file your petition in the Prescott Division of the court. If you are challenging a state judgment of conviction entered in Pima, Cochise, Santa Cruz, Graham, or Greenlee county, you should file your petition in the Tucson Division of the court. See LRCiv 5.1(b) and 77.1(a).

You should mail THE ORIGINAL AND TWO COPIES of your petition with the $5.00 filing fee or the application to proceed *in forma pauperis* to:

| <u>Phoenix & Prescott Divisions</u>: | **OR** | <u>Tucson Division</u>: |
|---|---|---|
| U.S. District Court Clerk | | U.S. District Court Clerk |
| U.S. Courthouse, Suite 321 | | U.S. Courthouse, Suite 1500 |
| 401 West Washington Street, SPC 10 | | 405 West Congress Street |
| Phoenix, Arizona 85003-2119 | | Tucson, Arizona 85701-5010 |

98-2254ins
Revised 12/3/04            1

E. <u>Certificate of Service on Respondents</u>. You must furnish the respondents or their attorney with a copy of any document you submit to the court (except the initial petition and application to proceed *in forma pauperis*). Pursuant to Rules 5(a) and (d) of the Federal Rules of Civil Procedure, each original document (except the initial petition and application for leave to proceed *in forma pauperis*) must include a certificate of service on the last page of the document stating the date a copy of the document was mailed to the respondents or their attorney and the address to which it was mailed. Any document received by the court which does not include a certificate of service may be stricken. A certificate of service should be in the following form:

> I hereby certify that a copy of the foregoing document was mailed
> this ___ day of ___(month)___, _(year)_, to:
> Name: _____
> Address: _____
>     Attorney for Defendant(s)/Respondent(s)
>
>
> _____
> (Signature)

F. <u>Original and Judge's Copy</u>. You must file an original plus **two** copies of your petition. After the petition is filed, you must furnish an original and **one** copy of any other document submitted to the court. You must furnish one additional copy to the clerk if you wish to have a file-stamped copy of the document returned to you. All copies must be identical to the original.

G. <u>Exhibits</u>. You should attach a copy of all final state court written decisions and all written decisions by the Ninth Circuit Court of Appeals regarding the conviction you are challenging. You should **not** submit any other exhibits with the petition. Instead, the relevant information should be paraphrased in the petition.

H. <u>Change of Address</u>. You must immediately notify the clerk and the opposing party or their attorney in writing of any change in your mailing address. Failure to notify the court of any change in your mailing address may result in the dismissal of your case.

I. <u>Amended Petition</u>. If you need to change any of the information in the initial petition, you must file an amended petition. The amended petition must be written on the court-approved petition for habeas corpus form. Local Rule of Civil Procedure 15.1(a)(2) prohibits any amended pleading from referencing any prior pleading. Further, any grounds not included in the amended petition are considered dismissed.

J. <u>Letters and Motions</u>. It is generally inappropriate to write a letter to any of the District Judges, Magistrates Judges, or the staff of any of the judicial officers. The appropriate way to communicate with these persons is by filing a written pleading or motion.

## II.  Completing the Habeas Corpus Petition Form:

**HEADING:**

    1. <u>Your Name and Address</u>.  Print your name, prison or jail inmate number, and mailing address on the lines provided in the upper left hand corner of the form.

    2. <u>Petitioner</u>.  Print your full name on the first line of the caption.

    3. <u>Respondent</u>.  Print the name of the director of the department of corrections, or the warden of the institution where you are confined, or some other official who has responsibility for your current custody.

    4. <u>Additional Respondent</u>.  Print the name of the state where the judgment of conviction you are challenging was entered on the blank line below the heading "THE ATTORNEY GENERAL OF THE STATE OF."

**PART A.  JUDGMENT OF CONVICTION:**

Only one state judgment of conviction may be challenged in a single petition for writ of habeas corpus.  Multiple counts which resulted in a single judgment of conviction may be challenged in the same petition for writ of habeas corpus.  If you wish to challenge more than one judgment, however, you must file separate habeas corpus petitions for each judgment. Print all of the requested information regarding your judgment of conviction and sentence on the spaces provided.

**Part B.  APPEALS:**

Answer each of the questions regarding your direct appeals in the state courts.  If you filed appeals in the state courts, you must provide the requested information for each level of appeal on the spaces provided.  Attach a copy of all written decisions on your appeal.

**Part C.  FIRST STATE POST-CONVICTION PROCEEDINGS:**

Most states provide a specific method for challenging a conviction in the state courts after direct appeals have been completed.  In Arizona the method is a petition for post-conviction relief pursuant to Rule 32 of the Arizona Rules of Criminal Procedure.  Answer each of the three questions regarding any first post-conviction relief proceedings you had in the state courts.  If you sought review of your petition in the state appellate courts, you must provide the requested information for each level of appeal on the spaces provided.  Attach a copy of all written decisions on your petition and appeal.

**Part D.  SECOND STATE POST-CONVICTION PROCEEDINGS:**

Answer each of the three questions regarding any second post-conviction relief proceedings you had in the state courts.  If you sought review of your second petition in the state appellate courts, you must provide the requested information for each level of appeal on the spaces provided.  Attach a copy of all written decisions on your second petition and appeal.

**Part E.  OTHER STATE PROCEEDINGS:**
   The Arizona courts normally permit a defendant to challenge his or her conviction or sentence only by filing a direct appeal or a Rule 32 petition for post-conviction relief.  There may, however, be a few very narrow exceptions that permit a challenge by filing a "special action" or a habeas corpus petition in the state courts.  Answer each of the three questions regarding any such proceedings you had in the state courts.  Attach a copy of all written decisions on these proceedings.

**Part F.  FEDERAL PROCEEDINGS:**
   If this is not your first federal habeas corpus petition challenging this conviction, answer each of the seven questions regarding your prior federal petition.  If your previous federal petition was denied, you must obtain permission from the Ninth Circuit Court of Appeals before you may file a second petition in the federal courts.  If the court of appeals has granted you permission to file a successive petition, attach a copy of the court's written decision.

**Part G.  PENDING PROCEEDINGS:**
   If you have an appeal, petition, or other proceedings currently pending regarding the conviction you are challenging in this petition, answer each of the three questions in the spaces provided.  Ordinarily, you may not file a federal petition for writ of habeas corpus if you have an  appeal still pending in the state courts.

**Part H.  REPRESENTATION:**
   Print the name of the attorney who represented you at each stage of your state court criminal proceedings.  If you represented yourself at any stage, check the box marked "Pro Se."

**Part I.  OTHER SENTENCES:**
   If you have any other sentences to serve aside from the sentence imposed by the judgment you are challenging in this petition, answer each of the four questions regarding your other convictions and sentences.

**CLAIMS FOR RELIEF:**
   State concisely every ground for which you claim that your  conviction or sentence violates the United States Constitution or other federal law.  Your claims should not be based on state law.  Summarize briefly the facts supporting each ground.  If necessary, you may attach pages stating additional grounds and supporting facts.  **You must raise all grounds for relief that relate to this conviction or sentence.  Any grounds not raised in this petition will likely be barred from being raised in any subsequent federal action.**

   The following list of the most frequently raised grounds for relief in habeas corpus proceedings is provided for your information only.  You may raise any other federal grounds if you have exhausted all your state court remedies with respect to those grounds.
   1. Conviction obtained by a plea of guilty which was unlawfully induced or not made voluntarily with the understanding of the nature of the charge or the consequences of the plea.

4

2. Conviction obtained by use of a coerced confession.

3. Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure (where the state did not provide a full and fair hearing on the Fourth Amendment claim).

4. Conviction obtained by use of evidence gained pursuant to an unlawful arrest (where the state did not provide a full and fair hearing on the Fourth Amendment claim).

5. Conviction obtained by a violation of the privilege against self-incrimination.

6. Conviction obtained by the unconstitutional failure of the prosecution to disclose evidence favorable to the defendant.

7. Conviction obtained by a violation of the protection against double jeopardy.

8. Conviction obtained by action of a grand or petit jury which was unconstitutionally selected or impaneled.

9. Denial of effective assistance of trial counsel or counsel on direct appeal in the state courts.

10. Denial of right of appeal.

**Parts G-M GROUNDS:**

The form includes space for only four grounds. If you are alleging more than four grounds, answer all of the questions for each additional ground on a separate page.

1. You must identify which constitutional right or other federal law was violated. **You may allege the violation of only one federal right per ground**. Your claim should not be based on state law.

2. <u>Supporting facts</u>. After you have identified which federal right was violated, you need to state the supporting facts. Be as specific as possible. Tell your story briefly without citing cases or law.

3. <u>Exhaustion</u>. **In order to proceed in federal court, you ordinarily must exhaust the remedies available to you in the state courts as to each claim on which you request action by the federal court. If you did not fairly present each of your grounds to the state's highest court, your petition may be dismissed**. If you did not present one or more of your grounds to the state's highest court, explain why you did not.

**SIGNATURE:**

You must sign your name and print the date you signed the petition. Your signature must be an original signature, not a photocopy. Any false statement of a material fact may serve as the basis for prosecution and conviction for perjury.

### FINAL NOTE

You should follow these instructions carefully. Failure to do so may result in your petition being stricken or dismissed by the court. All questions must be answered concisely in the proper space on the form. If needed, you may attach additional pages. The form, however, must be completely filled in to the extent applicable. If you attach additional pages, be sure to identify which section of the petition is being continued and number all pages.

_____
Name and Prisoner/Booking Number

_____
Place of Confinement

_____
Mailing Address

_____
City, State, Zip Code

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

_____,   )
(Full Name of Petitioner)         )
              Petitioner,    )
              vs.           )  CASE NO. _____
                            )       (To be supplied by the Clerk)
_____,   )
(Name of Warden, Superintendent, Jailor or )
authorized person having custody of Petitioner) )
                            )  **PETITION FOR WRIT OF HABEAS CORPUS**
              Respondent,   )  **BY A PERSON IN STATE CUSTODY**
              and           )  **PURSUANT TO 28 U.S.C. § 2254**
THE ATTORNEY GENERAL OF THE STATE OF )  **(NON-DEATH PENALTY)**
_____,   )
           Additional Respondent. )

## A. JUDGMENT OF CONVICTION

1. Name and location of court which entered the judgment of conviction you are challenging: _____

2. Case Number: _____
3. Date of judgment of conviction: _____ (month/day/year)
4. Length and terms of sentence(s): _____
5. Nature of offense(s) of which you were convicted (all counts): _____

6. What was your plea?      ☐ Guilty        ☐ Not guilty       ☐ Nolo contendere
7. Kind of trial:            ☐ Jury          ☐ Judge only
8. Did you testify at the trial?   ☐ Yes    ☐ No

## B.  APPEALS

1. Did you appeal the conviction or sentence? ☐ Yes ☐ No
    If you did appeal, answer the following:
    a. Name of court: _____
    b. Date the appeal was filed: _____ (month/day/year)
    c. Result: _____
    d. Date the appeal was decided: _____ (month/day/year)
    e. Date the mandate was issued: _____ (month/day/year)
2. Did you seek review of your appeal in the state supreme court? ☐ Yes ☐ No
    If you did file a petition for review, answer the following:
    a. Date the petition was filed: _____ (month/day/year)
    b. Result: _____
    c. Date the petition was decided: _____ (month/day/year)
    d. Date the mandate was issued: _____ (month/day/year)

## C.  FIRST STATE POST-CONVICTION PROCEEDINGS

1. Did you file a petition for post-conviction relief in the state court? ☐ Yes ☐ No
    If you did file a petition for post-conviction relief, answer the following:
    a. Name of court: _____
    b. Date the notice of post-conviction relief was filed: _____ (month/day/year)
    c. Date the petition was filed: _____ (month/day/year)
    d. Result: _____
    e. Date the petition was decided: _____ (month/day/year)
2. Did you seek review of your first petition in the court of appeals? ☐ Yes ☐ No
    If you did file a petition for review, answer the following:
    a. Date the petition was filed: _____ (month/day/year)
    b. Result: _____
    c. Date the petition was decided: _____ (month/day/year)
    d. Date the mandate was issued: _____ (month/day/year)
3. Did you seek review of your first petition in the state supreme court? ☐ Yes ☐ No
    If you did file a petition for review, answer the following:
    a. Date the petition was filed: _____ (month/day/year)
    b. Result: _____
    c. Date the petition was decided: _____ (month/day/year)
    d. Date the mandate was issued: _____ (month/day/year)

## D.  SECOND STATE POST-CONVICTION PROCEEDINGS

1. Did you file a second petition for post-conviction relief in the state court? ☐ Yes ☐ No
    If you did file a second petition for post-conviction relief, answer the following:
    a. Name of court: _____
    b. Date the notice of post-conviction relief was filed: _____ (month/day/year)
    c. Date the petition was filed: _____ (month/day/year)
    d. Result: _____
    e. Date the petition was decided: _____ (month/day/year)

2. Did you seek review of your second petition in the court of appeals?  ☐ Yes   ☐ No
   If you did file a petition for review, answer the following:
   a. Date the petition was filed: _____ (month/day/year)
   b. Result: _____
   c. Date the petition was decided: _____ (month/day/year)
   d. Date the mandate was issued: _____ (month/day/year)
3. Did you seek review of your second petition in the state supreme court?  ☐ Yes   ☐ No
   If you did file a petition for review, answer the following:
   a. Date the petition was filed: _____ (month/day/year)
   b. Result: _____
   c. Date the petition was decided: _____ (month/day/year)
   d. Date the mandate was issued: _____ (month/day/year)

## E. OTHER STATE PROCEEDINGS

1. Did you seek review of your conviction in any other state proceeding?  ☐ Yes   ☐ No
   If you did challenge your conviction in some other action, answer the following:
   a. Nature of the action: _____ (e.g., special action, habeas corpus, etc.)
   b. Name of court: _____
   c. Date the action was filed: _____ (month/day/year)
   d. Result: _____
   e. Date the action was decided: _____ (month/day/year)
2. Did you seek review of the other action in the court of appeals?  ☐ Yes   ☐ No
   If you did file a petition for review, answer the following:
   a. Result: _____
   b. Date the petition was decided: _____ (month/day/year)
3. Did you seek review of the other action in the state supreme court?  ☐ Yes   ☐ No
   If you did file a petition for review, answer the following:
   a. Result: _____
   b. Date the petition was decided: _____ (month/day/year)

**Attach a copy of all state court written decisions regarding your conviction or sentence**

## F. FEDERAL PROCEEDINGS

Is this your first federal petition for writ of habeas corpus challenging this conviction? ☐ Yes   ☐ No
If this is <u>not</u> your first federal petition challenging this conviction, answer the following:
1. Name of court where the prior petition was filed: _____
2. Date the petition was filed: _____ (month/day/year)
3. Case number of the prior action: _____
4. Date the action was decided: _____ (month/day/year)
5. Did you raise any of the issues in this petition in your prior petition?  ☐ Yes   ☐ No
6. Was the prior petition ☐ Granted, ☐ Denied on the merits, or ☐ Denied on procedural grounds?
7. If the prior petition was denied, has the Ninth Circuit Court of Appeals granted permission to file this successive petition?  ☐ Yes   ☐ No

**Attach a copy of all Ninth Circuit Court of Appeals written decisions**

3

### G. PENDING PROCEEDINGS

Do you have any appeal, petition, application, motion or other action currently pending regarding the conviction you are challenging in this petition?  ☐ Yes   ☐ No

If you do have an action currently pending regarding your conviction, answer the following:
1. Nature of the action: _____ (e.g., appeal, special action, habeas corpus, etc.)
2. Name of court where the action is pending: _____
3. Date the action was filed: _____ (month/day/year)

### H. REPRESENTATION

Who was the attorney who represented you in the following state court proceedings? Identify whether the attorney was appointed, retained, or whether you represented yourself pro se (without counsel).

|    |                                | Name of Attorney | Appointed | Retained | Pro Se |
|----|--------------------------------|------------------|-----------|----------|--------|
| 1. | Preliminary hearing:           |                  | ☐         | ☐        | ☐      |
| 2. | Arraignment and plea:          |                  | ☐         | ☐        | ☐      |
| 3. | Trial/guilty plea:             |                  | ☐         | ☐        | ☐      |
| 4. | Sentencing:                    |                  | ☐         | ☐        | ☐      |
| 5. | Direct appeal:                 |                  | ☐         | ☐        | ☐      |
| 6. | First post-conviction petition:|                  | ☐         | ☐        | ☐      |
| 7. | Second post-conviction petition:|                 | ☐         | ☐        | ☐      |

### I. OTHER SENTENCES

Do you have any other sentences to serve after you complete the sentence imposed by the judgment you are challenging in this petition?  ☐ Yes   ☐ No

If you do have other sentences to serve, answer the following:
1. Name of the court that imposed the other sentence: _____
2. Date of judgment of conviction: _____ (month/day/year)
3. Length and terms of sentence: _____
4. Have you filed or do you plan to file any petition attacking the judgment which imposed the sentence to be served in the future?  ☐ Yes   ☐ No

### CLAIMS FOR RELIEF

On the following pages, state concisely every ground for which you claim that your conviction or sentence violates the United States Constitution or other federal law. Your claims should not be based on state law. Summarize briefly the facts supporting each ground. If necessary, you may attach pages stating additional grounds and supporting facts. **You must raise all grounds for relief that relate to this conviction. Any grounds not raised in this petition will likely be barred from being raised in any subsequent federal action.**

## J. GROUND I

1. My state conviction or sentence violates the following constitutional right or other federal law: _____

2. **Supporting Facts:** (State as briefly as possible the FACTS supporting Ground I.  State the facts clearly in your own words without citing cases or legal arguments).

3. **Exhaustion of state court remedies:**
   a. Did you present the issue raised in Ground I to the state supreme court?  ☐ Yes  ☐ No
   b. If you did present the issue to the state supreme court, was the issue presented:
      ☐ In a direct appeal
      ☐ In your first post-conviction relief proceeding
      ☐ In your second post-conviction relief proceeding
      ☐ Other: _____ (e.g., special action, habeas corpus, etc.)
   c. If you did not present the issue to the state supreme court, explain why you did not:

## K. GROUND II

1.  My state conviction or sentence violates the following constitutional right or other federal law: _____

2.  **Supporting Facts:** (State as briefly as possible the FACTS supporting Ground II. State the facts clearly in your own words without citing cases or legal arguments).

3.  **Exhaustion of state court remedies:**
    a.  Did you present the issue raised in Ground II to the state supreme court?  ☐ Yes  ☐ No
    b.  If you did present the issue to the state supreme court, was the issue presented:
        ☐ In a direct appeal
        ☐ In your first post-conviction relief proceeding
        ☐ In your second post-conviction relief proceeding
        ☐ Other: _____ (e.g., special action, habeas corpus, etc.)
    c.  If you did not present the issue to the state supreme court, explain why you did not:

## L.  GROUND III

1.  My state conviction or sentence violates the following constitutional right or other federal law: _____

2.  **Supporting Facts:** (State as briefly as possible the FACTS supporting Ground III.  State the facts clearly in your own words without citing cases or legal arguments).

3.  **Exhaustion of state court remedies:**
    a.  Did you present the issue raised in Ground III to the state supreme court?  ☐ Yes  ☐ No
    b.  If you did present the issue to the state supreme court, was the issue presented:
        ☐ In a direct appeal
        ☐ In your first post-conviction relief proceeding
        ☐ In your second post-conviction relief proceeding
        ☐ Other: _____ (e.g., special action, habeas corpus, etc.)
    c.  If you did not present the issue to the state supreme court, explain why you did not:

## M.  GROUND IV

1. My state conviction or sentence violates the following constitutional right or other federal law: _____

2. **Supporting Facts:** (State as briefly as possible the FACTS supporting Ground IV.  State the facts clearly in your own words without citing cases or legal arguments).

3. **Exhaustion of state court remedies:**
   a. Did you present the issue raised in Ground IV to the state supreme court?  ☐ Yes  ☐ No
   b. If you did present the issue to the state supreme court, was the issue presented:
      ☐ In a direct appeal
      ☐ In your first post-conviction relief proceeding
      ☐ In your second post-conviction relief proceeding
      ☐ Other: _____ (e.g., special action, habeas corpus, etc.)
   c. If you did not present the issue to the state supreme court, explain why you did not:

**WHEREFORE,** Petitioner prays that the court will grant Petitioner the relief to which he may be entitled in this proceeding.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on _____          _____
                DATE                                                        SIGNATURE OF PETITIONER

_____
(Name and title of paralegal, legal assistant or
other person who helped prepare this petition)

_____
(Signature of attorney, if any)

_____
_____
(Attorney's address & telephone number)

## ADDITIONAL PAGES

All questions must be answered concisely in the proper space on the form. If needed, you may attach additional pages. The form, however, must be completely filled in to the extent applicable.