**WO** RP

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Michael Smalling, | ) | No. CV-05-2043-PHX-MHM (DKD) |
| Petitioner, | ) | **ORDER** |
| vs. | ) | |
| J. Stearnes, et al., | ) | |
| Respondents. | ) | |

On July 11, 2005, Michael Smalling (Petitioner), presently confined in the Cheyenne Unit of the Arizona State Prison Complex in Yuma, Arizona (ASPC-Yuma), filed with the Clerk of the Court a pro se "Petition For Writ Of Habeas Corpus By A Person In State Custody Pursuant To 28 U.S.C. § 2254 (Non-Death Penalty)" (Document #1) (Petition). The five dollar ($5.00) filing fee was paid.

By Order filed October 21, 2005 (Document #3), the Petition was dismissed without prejudice for failure to allege a violation of the Constitution or laws or treaties of the United States. Petitioner was given thirty (30) days to file an amended petition.

**AMENDED PETITION**

On November 7, 2005, Petitioner filed his "Amended Petition For Writ Of Habeas Corpus By A Person In State Custody Pursuant To 28 U.S.C. § 2254 (Non-Death Penalty)"

**TERMPSREF** - 1 -

(Document #4) (Amended Petition). Petitioner should take notice that by filing an Amended Petition, he is presumed to have deliberately waived his right to raise any constitutional errors or deprivations other than those set forth in his Amended Petition. 28 U.S.C. §2244(b)(2).[1] Petitioner should also take notice that all grounds alleged in his original Petition which are not alleged in his Amended Petition are waived. Hal Roach Studios v. Richard Feiner & Co., 896 F.2d 1542, 1546 (9th Cir. 1990) ("an amended pleading supersedes the original"); King v. Atiyeh, 814 F.2d 565 (9th Cir. 1987).

Named as Respondent in the Amended Petition is J. Stearnes, Warden of ASPC-Yuma. (Amended Petition at 1). The Attorney General of the State of Arizona is named as an Additional Respondent. Id.

In his Amended Petition, Petitioner challenges his September 6, 2001 judgment of conviction for Theft of Means of Transportation, Class Two (2) Burglary, and Possession of Drugs entered in the Maricopa County Superior Court in matters 2000-018399, 2000-018629, and 2000-019175. (Amended Petition at 1).

Petitioner presents three (3) grounds in his Amended Petition in support of his request for habeas relief in which he alleges that the following constitutional rights were violated:

I. "My right to a competent counsel who can represent me throughout the judicial process a right guaranteed by the 6th Am[]endment to the Constitution of the United States of America," (Amended Petition at 5);

II. "My right to trial by jury, and a jury's determination of an aggravated sentence guaranteed by the 6th Am[]endment to the Constitution of the United States of America,"

---

[1] Title 28 U.S.C. §2244(b) (as amended by the Antiterrorism and Effective Death Penalty Act of 1996, Pub.L.No. 104-132, 110 Stat. 1214 (1996)) states that a District Court shall dismiss a claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application, except under certain circumstances. Furthermore, under 28 U.S.C. §2244(b)(3)(A)(1996), before a second or successive application is filed in the district court, the applicant shall move in the court of appeals for an order authorizing the district court to consider the application.

**TERMPSREF**                                   - 2 -

1  (Amended Petition at 6);

2  III. "My right of appeal was denied by the Arizona Court of Appeals violating my
3  right to appeal guaranteed by the 6th Am[]endment to the Constitution of the United States
4  of America," (Amended Petition at 7).

5  Petitioner appears to allege that the issues in all of his grounds were presented to the
6  Arizona Court of Appeals. (Amended Petition at 5-7).

7  A review of the Amended Petition indicates that an answer is required. 28 U.S.C. §
8  2254(a).

**RULE 41 (b) WARNING**

10  Petitioner is warned that if he fails to timely comply with every provision of this
11  Order, or any order of the Court entered in this matter, the action will be dismissed pursuant
12  to Rule 41(b) of the Federal Rules of Civil Procedure. See Ferdik v. Bonzelet, 963 F.2d 1258
13  (9th Cir.) (District Court may dismiss action for failure to comply with any order of the
14  Court), cert. denied, 506 U.S. 915 (1992).

15  **IT IS THEREFORE ORDERED:**

16  (1) That a copy of the "Amended Petition For Writ Of Habeas Corpus By A Person
17  In State Custody Pursuant To 28 U.S.C. § 2254 (Non-Death Penalty)" (Document #4)
18  (Amended Petition) and this Order be SERVED by the Clerk of the Court upon the
19  Respondent and the Additional Respondent by certified mail pursuant to Rule 4, Rules
20  Governing Section 2254 Cases;

21  (2) That Respondents ANSWER the Amended Petition within forty (40) days of the
22  date of service. Respondents shall not file a dispositive motion in place of an answer, but
23  may file an answer limited to relevant affirmative defenses, including but not limited to,
24  statute of limitations, procedural bar, or non-retroactivity. If the answer is limited to
25  affirmative defenses, only those portions of the record relevant to those defenses need be
26  attached to the answer. Failure to set forth an affirmative defense in an answer may be
27  treated as a waiver of the defense. Day v. McDonough, 126 S.Ct. 1675, 1679 (2006). If not

**TERMPSREF** - 3 -

1  limited to affirmative defenses, the answer shall fully comply with all of the requirements of
2  Rule 5 of the Rules Governing Section 2254 Cases;

3  (3) That Petitioner MAY FILE a reply within thirty (30) days from the date of service
4  of the answer;

5  (4) That a clear, legible copy of every pleading or other document filed SHALL
6  ACCOMPANY each original pleading or other document filed with the Clerk for use by the
7  District Judge or Magistrate Judge to whom the case is assigned. See Rule 5.4, Local Rules
8  of Civil Procedure (LRCiv). **Failure to submit a copy along with the original pleading**
9  **or document will result in the pleading or document being stricken without further**
10  **notice to Petitioner**;

11  (5) That Petitioner SHALL SERVE upon Respondents, or if appearance has been
12  entered by counsel, upon the attorney, a copy of every further pleading or other document
13  submitted for consideration by the Court. Petitioner shall include with the original document
14  and copy, to be filed with the Clerk of the Court, a certificate stating the date a true and
15  correct copy of the pleading or document was mailed to Respondents or the counsel. Any
16  paper received by a District Court Judge or Magistrate Judge which has not been filed with
17  the Clerk of the Court may be disregarded by the Court;

18  (6) That at all times during the pendency of this action, Petitioner SHALL
19  IMMEDIATELY ADVISE the Court of any change of address and its effective date. Such
20  notice shall be captioned "NOTICE OF CHANGE OF ADDRESS." The notice shall contain
21  only information pertaining to the change of address and its effective date, except that if
22  Petitioner has been released from custody, the notice should so indicate. The notice shall not
23  include any motions for any other relief. Petitioner shall serve a copy of the notice on all
24  opposing parties. Failure to file a NOTICE OF CHANGE OF ADDRESS may result in the
25  dismissal of the action for failure to prosecute pursuant to Federal Rule of Civil Procedure
26  41(b);

27

28  **TERMPSREF**                                              - 4 -

1  (7) That this matter is REFERRED to Magistrate Judge David K. Duncan pursuant
2 to LRCiv 72.1 and 72.2 for further proceedings and a report and recommendation.
3  DATED this 12th day of June, 2006.

*(signature)*
Mary H. Murguia
United States District Judge

**TERMPSREF** - 5 -