IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Michael Smalling,<br><br>        Petitioner,<br><br>vs.<br><br>J. Stearnes, Warden; Arizona Attorney General,<br><br>        Respondents. | No. CIV 05-2043-PHX-MHM (DKD)<br><br>**REPORT AND RECOMMENDATION** |

TO THE HONORABLE MARY H. MURGUIA, U.S. DISTRICT JUDGE:

      Michael Smalling filed a timely petition for writ of habeas corpus on July 11, 2005, and an amended petition on November 7, 2005, challenging his convictions following the entry of guilty pleas. He was convicted of possession of dangerous drugs, burglary, and two counts of theft of means of transportation, with prior convictions; the trial court imposed concurrent prison terms, the longest being 13 years. He raises three grounds for habeas relief: (1) ineffective assistance of trial counsel; (2) a *Blakely*[1] violation; and (3) denial of his right to appeal. Respondents contend that his claim of ineffective assistance has been waived by his guilty plea, that a denial of his right to appeal is a matter of state law not reviewable in a federal habeas action, and that *Blakely* does not apply retroactively to his convictions which were final before the decision was announced. The Court agrees and recommends that his habeas petition be denied and dismissed with prejudice.

---

[1] *See Blakely v. Washington*, 542 U.S. 296 (2004).

On June 26, 2001, Smalling pleaded guilty; on September 6, 2001, the trial court imposed concurrent sentences (Doc. #9, Exh D-I). On September 13, 2001, Smalling filed a Notice of Post-Conviction Relief (*Id.*, Exh J). In May, 2002, following counsel's Notice of Completion of Post-Conviction Review, Smalling filed a *pro per* petition, alleging ineffective assistance, vindictive prosecution, and a sentence in great disparity to the nature of the crime (*Id.*, Exh L, M). On February 28, 2003, the trial court dismissed his petition, finding that the sentences imposed were legal, that Smalling was not subjected to double jeopardy, and that he had failed to establish a colorable claim of ineffective assistance (*Id.*, Exh O). On May 12, 2004, his petition for review to the court of appeals was denied (*Id.*, Exh X).[2] In July, 2004, Smalling filed a third post-conviction petition, arguing that *Blakely* was a significant change in the law that applied to his case (*Id.*, Exh Y). The trial court dismissed the petition as untimely, finding that Smalling's convictions had become final in 2002, upon dismissal of his initial Rule 32 petition,[3] and as a result, *Blakely* did not apply.[4] His petition for rehearing was also denied (*Id.*, Exh AA, BB).

In his first ground, Smalling contends that his initial attorney was unavailable to pursue his case to trial, and that the substituted attorney failed to negotiate a fair plea agreement. A defendant who has pleaded guilty waives all non-jurisdictional challenges, and is limited in his federal habeas proceeding to a challenge of the voluntary and intelligent nature of the plea. *See Mabry v. Johnson*, 467 U.S. 504, 508 (1984). Smalling does not

---

[2] Smalling's second post-conviction petition, in which he contends that prison officials are deducting amounts from his prison account for restitution payments in violation of his sentence, is not relevant to the issues raised in his federal petition. *See* Doc. #9, Exh Q-U.

[3] Although Smalling's conviction became final upon his conviction in 2001, his right to appeal having been exhausted by operation of law as a result of his guilty plea, the trial court's use of the later date does not affect this court's decision.

[4] In February, 2005, Smalling filed another petition in the trial court, alleging a *Blakely* violation (*Id.*, Exh DD). The trial court dismissed the petition, finding it untimely, and that the claims were precluded (*Id.*, Exh EE).

- 2 -

1 make such an argument; the Court is therefore precluded from reviewing this claim.  His
2 second ground, a claimed *Blakely* violation, fails because the rule announced in *Blakely* does
3 not apply retroactively to cases already final on direct review.  *See Schardt v. Payne*, 414
4 F.3d 1025, 1038 (9th Cir. 2005).  His third ground, that he was denied his right to appeal by
5 the Arizona Court of Appeals, involves an interpretation of state law, not cognizable in
6 federal habeas review.  *See Estelle v. McGuire*, 502 U.S. 62, 67 (1991).

**IT IS THEREFORE RECOMMENDED** that Michael Smalling's amended petition for writ of habeas corpus be **DENIED** and **DISMISSED WITH PREJUDICE** (Doc. #4).

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals.  Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment.  The parties shall have ten days from the date of service of a copy of this recommendation within which to file specific written objections with the Court.  *See,* 28 U.S.C. § 636(b)(1); Rules 72, 6(a), 6(e), Federal Rules of Civil Procedure.  Thereafter, the parties have ten days within which to file a response to the objections.  Failure timely to file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the district court without further review.  *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003).  Failure timely to file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation.  *See* Rule 72, Federal Rules of Civil Procedure.

DATED this 19th day of January, 2007.

_____
David K. Duncan
United States Magistrate Judge

- 3 -