**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Michael Smalling, ) | |
| ) | CV-05-2043-PHX-MHM (DKD) |
| Petitioner, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| J. Stearnes, Warden; Arizona Attorney ) | |
| General, ) | |
| ) | |
| Respondents, ) | |
| ) | |

Presently pending before this Court is Petitioner Michael Smalling's Amended 28 U.S.C. § 2254 Petition for Writ of Habeas Corpus (Doc. 4) in which Petitioner challenges his conviction. By way of plea agreement, Petitioner was convicted of possession of dangerous drugs, burglary, and two counts of theft of means of transportation and with Petitioner's prior convictions, he was sentenced to concurrent prison terms, the longest of which is thirteen years. Petitioner has filed the instant Writ for Habeas relief claiming the following three grounds for relief: (1) ineffective assistance of counsel; (2) a violation of Blakely v. Washington, 542 U.S. 296 (2004); and (3) denial of his right to appeal. Respondent has filed an Answer and asserts that Petitioner's claim of ineffective assistance of counsel has been waived by his guilty plea, that a denial of his right to appeal is a matter of state law and, therefore, unreviewable in a federal habeas action, and that Blakely does not apply

retroactively to Petitioner's convictions, which were final before the Blakely decision was decided. The matter was referred to United States Magistrate Judge David K. Duncan who has issued a Report and Recommendation recommending that the Court deny and dismiss Petitioner's Writ of Habeas Corpus with prejudice. Petitioner has filed a "Traverse of Judge Magistrate's Report and Recommendation," which the Court has construed as an Objection to the Report and Recommendation. (Doc. 15).

## STANDARD OF REVIEW

The Court must review the legal analysis in the Report and Recommendation de novo. See 28 U.S.C. § 636(b)(1)(C). The Court must review the factual analysis in the Report and Recommendation de novo for those facts to which objections are filed. Id.

## DISCUSSION

Petitioner claims three bases for habeas corpus relief. Petitioner's ineffective assistance of counsel argument is barred by his guilty plea. See Mabry v. Johnson, 467 U.S. 504, 508 (1984) (finding that a defendant who has pleaded guilty waives all non-jurisdictional challenges and is limited in his federal habeas proceeding to a challenge of the voluntary and intelligent nature of the plea). Because Petitioner has not asserted a jurisdictional challenge nor has he asserted that he did not enter into his plea agreement voluntarily or intelligently, the Court is precluded from reviewing Petitioner's ineffective-assistance-of-counsel argument.

Petitioner's second bases for habeas relief is that his sentence violates Blakely. In his Report and Recommendation, Judge Duncan stated that Petitioner's Blakely argument fails because Blakely does not apply retroactively to cases already final on direct review. See Schardt v. Payne, 414 F.3d 1025, 1038 (9th Cir. 2005). In his Opposition to the Report and Recommendation, Petitioner argues that because Plaintiff's second post-conviction petition was pending when Blakely was decided, Petitioner is entitled to relief under Blakely.

The relevant dates regarding Petitioner's claim for relief are as follows. Petitioner plead guilty on June 26, 2001 and was sentenced on September 6, 2001. Petitioner filed a Notice of Post-Conviction Relief on September 13, 2001. In May 2002, following counsel's

1  Notice of Completion of Post-Conviction Review, Petitioner filed a *pro se* petition. On
2  February 28, 2003, the trial court dismissed Petitioner's petition. On May 12, 2004,
3  Petitioner's petition for review to the court of appeals was denied. In July 2004, Petitioner
4  filed a third post-conviction petition arguing that Blakely was a significant change in the law
5  that applied to his case. The trial court dismissed the petition as untimely, finding that
6  Smalling's convictions had become final in 2002 upon dismissal of his initial Rule 32 petition.

7      This Court agrees with the state court of appeals finding and with Judge Duncan's
8  Report and Recommendation. Petitioner's convictions became final in 2002 when his initial
9  Rule 32 petition was dismissed. Because Blakely, decided in 2004, does not apply
10 retroactively, Petitioner's Blakely argument is not compelling.

11     Petitioner's third bases for habeas relief is that he was denied his right to appeal. As
12 Judge Duncan correctly stated in his Report and Recommendation, such a claim rests on state
13 law and is not cognizable in federal habeas review. See Estelle v. McGuire, 502 U.S. 62, 67
14 (1991).

## CONCLUSION

16     The Court finds no grounds upon which to grant Petitioner's Writ for Habeas Corpus
17 relief. Accordingly,

18     IT IS ORDERED that the Court adopts the Judge Duncan's Report and
19 Recommendation (Doc. 14) in its entirety as the Order of the Court.

20     IT IS FURTHER ORDERED that Petitioner's Amended Writ of Habeas Corpus
21 pursuant to 28 U.S.C. § 2254 (Doc. 4) is denied and dismissed with prejudice.

22     DATED this 11th day of March, 2007.

_____
Mary H. Murgula
United States District Judge